UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| MARTIN HUGHES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 2:19-CV-152-RLJ-CRW |
| RUSSELL WASHBURN, | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION

This is a prisoner's pro se petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. On January 13, 2022, the Court entered an order noting that it appeared that Petitioner's address had changed but he had not filed a notice of change of address with the Court, providing Petitioner ten days from the date of entry of that order to show good cause as to why this action should not be dismissed, and notifying Petitioner that failure to timely comply would result in dismissal of this action without further notice [Doc. 70]. However, more than two weeks ago, the United States Postal Service returned the Court's mail to Petitioner containing this order as undeliverable [Doc. 71]. Petitioner has not notified the Clerk of any change of address or otherwise communicated with the Court since the Court's entry of its previous order or the return of this mail despite the Court repeatedly notifying him of the requirement that he notify the Clerk of any address change within fourteen days [Doc. 36 p. 4; Doc. 38 p. 2; Doc. 45 p. 2; Doc. 55 p. 1; Doc. 62 p. 2; Doc. 65 p. 3; Doc. 68 p. 3]. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "[litigant] fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see*

*also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Petitioner's failure to timely provide the Court with his current address and failure to comply with the Court's previous order is due to his willfulness or fault. The Court previously repeatedly notified Petitioner of the requirement that he update his address with the Court within fourteen (14) days of an address change, and it appears that Petitioner's failure to comply with this requirement prevented him from receiving the Court's previous order requiring him to show good cause as to why the Court should not dismiss this action. As to the second factor, the Court finds that Petitioner's failure to update the Court regarding his address has not prejudiced Respondent but notes that neither the Court nor Respondent can communicate with Petitioner about this case without his correct address. As to the third factor, as noted above, the Court has repeatedly notified Petitioner of the requirement that he update the Court regarding any address change within fourteen (14) days of an address change, and the Court's previous order notified Petitioner that failure to timely comply therewith would result in dismissal of this action [Doc. 70 p. 2]. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Petitioner has failed to comply with the Court's clear

instructions, and it does not appear that he intends to proceed with this case. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Petitioner's pro se status prevented him from updating the Court as to his address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue. Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

<u>              s/ Leon Jordan              </u>
United States District Judge